[S. F. No. 1550.   Department One.—October 6, 1900.]

## BANK OF UKIAH, Respondent, v. HENRY MOHR et al., Appellants.

AGENCY—OSTENSIBLE AUTHORITY TO DRAW ON PRINCIPAL—EVIDENCE.— Upon a review of the evidence as to the prior course of dealings between the parties, the defendants are held to have made the drawer of the drafts sued on their ostensible agent in drawing, presenting, and cashing such drafts, and that the plaintiff was not guilty of ordinary negligence, within the meaning of section 2334 of the Civil Code, in cashing them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

F. J. Castelhun, for Appellants.

J. A. Cooper, for Respondent.

GAROUTTE, J.—One Kelting, doing business in Lake county, drew two drafts on defendants, living in San Francisco, who constituted a partnership dealing in livestock.   These drafts were cashed by the Bank of Ukiah, upon presentation by Kelting, but defendants repudiated any liability upon them, and this action is brought by the bank to recover from defendants the amount of those drafts.   The question is, Was Kelting the agent of defendants in drawing, presenting, and cashing these drafts?   The trial court found that he was such agent, and ren-

dered judgment for a recovery of the money. This finding is now attacked as unsupported by the evidence.

We will not measure and test the evidence as to whether or not Kelting was the actual agent of defendants. For if the relation of actual agency did not exist between him and them, we are still satisfied the evidence is sufficient to establish an ostensible agency. It is shown that defendants gave Kelting blank draft books to use in drawing upon them for money to pay farmers in Lake and Mendocino counties for the purchase price of hogs, which were to be bought by Kelting and shipped to them; that under the arrangement between them, whatever that arrangement was, Kelting had done a large amount of business with defendants by purchasing hogs in the aforesaid counties, and shipping them to these parties at the city of San Francisco; that he had drawn hundreds of drafts upon defendants for such purchases, which had been honored by defendants, and honored before the hogs were delivered to them; that his dealings with defendants in that way amounted to forty thousand dollars, and extended over a period of many months; that no draft had ever been refused payment by defendants prior to this time; that it was generally supposed throughout the aforesaid counties that Kelting was buying hogs for defendants; and he, Kelting, had repeatedly made that statement; that Kelting, when he began doing business with the Bank of Ukiah, told the bank that he was buying hogs for defendants; that the drafts in controversy, and probably a hundred others that had gone before, were drawn on defendants and signed "J. A. Kelting, agent." It may be said that substantially all of these facts were known to plaintiff, and certainly many of them were known to defendants. Section 2300 of the Civil Code declares: "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Weighing these facts in the balances furnished by the law as here declared, they are sufficient to support a finding of ostensible agency.

Defendants invoke section 2334 of the Civil Code, which reads: "A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in

good faith and without ordinary negligence, incurred a liability or parted with value, upon the faith thereof." They now assert that plaintiff was guilty of ordinary negligence in parting with its money to Kelting. In view of the fact that defendants had theretofore paid to plaintiff hundreds of Kelting's drafts, drawn in the same way that these were drawn, we fail to see the soundness of the claim that plaintiff was guilty of ordinary negligence in paying these drafts.

Certain depositions were introduced in evidence against the objection of defendants that they had not been immediately transmitted to the clerk of the court after having been taken. We find nothing in the law demanding an immediate transmission.

A few objections are made to the admission of evidence which went to show the acts and statements of Kelting tending to establish his agency. We find no error in the rulings of the court to this point.

For the foregoing reasons the order appealed from is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.